# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GREGORY HOBBS,

     Plaintiff,

    v.                                 No. 15-CV-01136-JCH-KBM

VINCENT HORTON, GEO GROUP, INC.,
DENNIS MAESTAS, JOHN DOES,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [Doc. 1]. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but

liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges the following facts.  On October 30, 2015, Plaintiff suffered a panic attack after he was placed in segregation.  Plaintiff was restrained in handcuffs and legcuffs and escorted by Defendant Maestas and two other correctional officers to the medical department to seek medical attention.  During transport, Plaintiff's hands slipped out of his handcuffs and he put them to his throat because he could not breathe.  Defendant Maestas and the two other correctional officers jumped on Plaintiff and slammed him to the ground, resulting in a broken leg.  Despite Plaintiff's leg injury and his inability to breathe, he was not brought to the medical department but returned to segregation.  After several hours, Plaintiff was forced to walk to the medical department, where he was refused medical assistance.  Plaintiff remained in segregation for two weeks with a broken leg.  Plaintiff later received x-rays and was advised to stay off of his injured leg.  Despite this medical advice, Plaintiff was assigned to an upper bunk, rather than a bottom bunk, in general population.  At some point, Plaintiff was transported to University of New Mexico Hospital, where he was diagnosed with a fractured knee and given a cast.  The complaint seeks monetary damages against Defendant Maestas, the John Doe correctional officers, Warden Horton, and Geo Group, Inc., for the use of excessive force and the denial and delay of medical treatment in violation of Plaintiff's rights under the Eighth Amendment.

Plaintiff's complaint names Vincent Horton, the Warden of Guadalupe County Correctional Facility, as a defendant.  It is well established that "§ 1983 does not allow a plaintiff to hold an individual government official liable under a theory of respondeat superior," *Dodds v. Richardson*, 614 F.3d 1185, 1194-95 (10th Cir. 2010), and "individual liability under § 1983

must be based on personal involvement in the alleged constitutional violation." *Id.* at 1195 (internal quotation marks omitted). However, "[p]ersonal involvement does not require direct participation," *id.*, because a plaintiff may "succeed in a § 1983 suit against a defendant-supervisor by demonstrating that (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation." *Id.* at 1199. In the present case, Plaintiff does not allege that Defendant Horton was directly involved in the alleged constitutional violations or that he promulgated, created, or implemented a policy that caused the alleged constitutional violations. Therefore, Plaintiff's claims against Defendant Horton will be dismissed for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).

Plaintiff's complaint also names Geo Group, Inc., as a defendant. A private entity acting under color of state law "'cannot be held liable *solely* because it employs a tortfeasor—or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory.'" *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (quoting *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978)). Rather, to be liable under § 1983 the private entity must have "had an 'official . . . policy of some nature . . . that was the direct cause or moving force behind the constitutional violations." *Id.* at 1215 (internal quotation marks and citations omitted). Plaintiff's complaint fails to allege that GEO Group, Inc. had an official policy that was the direct cause or moving force behind the alleged constitutional violations and, therefore, Plaintiff's claims against Geo Group, Inc., will be dismissed for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).

The Court concludes that Plaintiff's claims against Defendant Maestas and the John Doe

correctional officers survive initial scrutiny under § 1915.  Plaintiff will be afforded a reasonable amount of time to identify the John Doe defendants.  In the meantime, the Court will direct the Clerk of the Court to mail notice and waiver of service forms to Defendant Maestas at the Guadalupe County Correctional Facility.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Horton and Geo Group, Inc. are DISMISSED; and Defendants Horton and Geo Group, Inc. are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to mail notice and waiver of service forms, along with a copy of Plaintiff's Civil Rights Complaint [Doc. 1] and this Memorandum Opinion and Order, to Defendant Maestas at the Guadalupe County Correctional Facility, P.O. Box 520, South Hwy. 54, Exi t 3B, Santa Rosa, New Mexico 88435.


_____
UNITED STATES DISTRICT JUDGE