IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREGORY HOBBS,

    Plaintiff,

    v.                                                                       No. 15-CV-01136-JCH-KBM

DENNIS MAESTAS, JOHN DOES,

    Defendants.

SECOND ORDER TO SHOW CAUSE AND
ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT

This matter is before the Court on Plaintiff's Motion For Leave To Amend Complaint [Doc. 10], filed on November 28, 2016. Plaintiff moves to amend his complaint pursuant to Fed. R. Civ. P. 15(a), because he "feels an enlargement of his complaint could more greatly shed light upon his claims." [Doc. 10] Fed. R. Civ. P. 15(a)(1)(A) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it." Defendants have not yet been served with copies of the complaint and summons and, therefore, Plaintiff may amend his complaint once as a matter of right, without permission from the Court. Plaintiff's amended complaint must include all claims against all defendants on a form Prisoner's Civil Rights Complaint. *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) ("[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect.") (internal quotation marks and citations omitted). In light of the foregoing, Plaintiff's Motion For Leave To Amend Complaint will be denied without prejudice as premature and the Clerk of the Court will be directed to mail to Plaintiff, together with a copy of this Order, a form Prisoner's Civil Rights Complaint, with instructions.

As explained above, Defendants have not yet been served with process in accordance with Fed. R. Civ. P. 4. On October 13, 2016, the Court informed Plaintiff that "the onus is squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging courts to assist in this endeavor—even when plaintiffs are in prison." *Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. 2013) (unpublished). The Court ordered Plaintiff to file a response "identifying the John Doe defendants and providing a current address for service of process on those defendants, as well as Defendant Maestas, or show cause why this action should not be dismissed." [Doc. 8] Plaintiff's response was due on or before November 15, 2016. As of this date, however, Plaintiff has not identified the John Doe defendants or provided a current address for service of process on those defendants or Defendant Maestas.[1] Therefore, the Court will again order Plaintiff to file a response identifying the John Doe defendants and providing a current address for serving process on those defendants and Defendant Maestas, or show cause why this action should not be dismissed. Failure to timely comply with his Order, or to show cause for failure to do so, may result in the dismissal of this action without further notice.

Wherefore,

IT IS ORDERED that Plaintiff's Motion For Leave To Amend Complaint [Doc. 10] is DENIED without prejudice;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to mail to Plaintiff, together with a copy of this Order, a form Prisoner's Civil Rights Complaint, with instructions;

IT IS FURTHER ORDERED that, within thirty (30) days from entry of this order, Plaintiff shall file a response identifying the John Doe defendants and providing a current address for

---

[1] In his Motion For Leave To Amend Complaint, Plaintiff indicates that he intends to file a "request for production of documents, which would likely lead to the identification of the two (2) John Doe defendants." [Doc. 10] As of this date, however, a request for production of documents has not been filed.

serving process on those defendants and Defendant Maestas, or show cause why this action should not be dismissed.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE